IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| TRAVIS CLINTON HITTSON, | : | |
| Petitioner | : | |
| vs. | : | CIVIL ACTION NO.: 5:01-CV-384 (MTT) |
| STEPHEN UPTON, Warden, | : | |
| Respondent | : | |

## ORDER

On August 30, 2004 this Court granted Petitioner's Motion for Stay of Federal Court Proceedings Pending Complete Exhaustion of State Remedies. (Doc. 35). In this Order, the Court stayed Hittson's 28 U.S.C. § 2254 action while he returned to the state courts to exhaust a claim brought pursuant to *Brady v. Maryland*, 373 U.S. 83 (1963). (Doc. 35).

Following the grant of this stay, Hittson filed a Petition for Writ of Habeas Corpus in the Butts County Superior Court in which he raised his unexhausted *Brady* claim. (Doc. 38, at 1). On October 7, 2005, the state habeas court summarily dismissed Hittson's petition. (Doc. 38, at 1). Hittson filed a notice of appeal and a timely Application for Certificate of Probable Cause to Appeal the habeas court's denial of his state habeas petition. (Doc. 38, at 1).

On October 2, 2006, the Georgia Supreme Court granted Hittson's Application for a Certificate of Probable Cause to Appeal and remanded the case to the Butts County Superior Court "with direction to conduct a hearing in accordance with O.C.G.A. § 9-14-47." (Doc. 39). The Georgia Supreme Court "further directed [the state habeas

court] to take note of *Kyles v. Whitley*, 514 U.S. 419, 436 . . . (1995) (stating that the materiality of suppressed evidence should be 'considered collectively, not item by item.'), in its further consideration of this case."  (Doc. 39).

Thereafter the parties proceeded with the state habeas action.  Hittson was apparently denied relief and ultimately filed a Petition for Writ of Certiorari with the United States Supreme Court on April 21, 2011.  *Hittson v. Humphrey*, No. 10-10335.  A search of the docket at www.supremecourt.gov shows that the United States Supreme Court denied Hittson's petition on June 10, 2011.  *Hittson v Humphrey*, No. 10-10335.

Judge Fitzpatrick's August 30, 2004 Order provided:

> Petitioner is directed to **diligently** file a new Petition for Writ of Habeas Corpus in the appropriate Georgia Superior Court so that the state may rule on Petitioner's new *Brady* claims.  This Court shall retain jurisdiction over the federal habeas corpus petition until Petitioner fully exhausts his state remedies with respect to the new *Brady* claims. Thereafter, in the event the state court (including any state appellate court) grants Petitioner's Writ of Habeas Corpus, Petitioner is directed to **diligently** notify this Court and the Court will dismiss the federal habeas corpus action as moot.  In the event the state court (including any state appellate court) denies Petitioner's Writ of Habeas Corpus, Petitioner is directed to **diligently** notify this Court and to amend his original petition to include the newly exhausted *Brady* claims.

(Doc. 35, at 8-9) (emphasis in original).

Because it now appears Hittson has been denied relief by the state courts and the United States Supreme Court, he needs to notify the Court how he plans to proceed with his federal habeas corpus action.  Thus, Hittson has until **July 11, 2011** to amend his original 28 U.S.C. § 2254 petition to include the now-exhausted *Brady* claim[1] or to notify

---

[1]  After Hittson amends his petition, the Court will, pursuant to Rules 4 and 5 of the Rules Governing Section 2254 Cases in the United States District Courts, enter an Order setting forth the time for Respondent to file an Answer and supplement the record with all relevant transcripts, pleadings, and decisions relating to Hittson's exhaustion of his *Brady* claim.

the Court why he cannot so amend.

**SO ORDERED**, this 30th day of June, 2011.

<pre>
                                        S/ Marc T. Treadwell
                                        MARC T. TREADWELL, JUDGE
                                        UNITED STATES DISTRICT COURT
</pre>