IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| TRAVIS CLINTON HITTSON, | : | |
| Petitioner, | : | |
| vs. | : | CIVIL ACTION NO.: 5:01-CV-384 (MTT) |
| CARL HUMPHREY, Warden, | : | |
| Respondent. | : | |

## SCHEDULING ORDER

No later than **Wednesday, November 16, 2011**, Petitioner shall file a brief addressing all claims raised in his Amended Petition and all arguments relating to those claims. Any issue or argument not raised shall be considered abandoned. With respect to each of Petitioner's claims for relief, he must address:

1) Why Petitioner contends he is entitled to relief under 28 U.S.C. § 2254.

2) Whether the Petitioner contends he is entitled to additional discovery. In this regard, the Court will be guided by the Supreme Court's recent decision in *Cullen v. Pinholster*, 131 S. Ct. 1388 (2011). In *Pinholster*, the Supreme Court held that "[a]lthough state prisoners may sometimes submit new evidence in federal court, AEDPA's statutory scheme is designed to strongly discourage them from doing so." *Id*. at 1401. If the state court adjudicated a claim on the merits, "evidence introduced in federal court has no bearing," and the district court's review is "limited to the record that was before the state court." *Id*. at 1398, 1400. The Court in *Pinholster* clearly limited the situations in which a district court can grant any request for an evidentiary hearing. Necessarily, it

seems, *Pinholster* also limits the discretion of district courts to allow discovery. In this case, Petitioner previously sought, and the Court allowed, discovery. If Petitioner seeks additional discovery with respect to any claim, he shall explain in detail why the discovery is necessary, why he was unable to discover and present evidence in state court despite his diligent efforts, and why he did not seek the discovery in this Court in his original request for the discovery in October 2002 (Doc. 14). Moreover, Petitioner should address why the limitations in *Pinholster* do not apply to the requested discovery. If Petitioner seeks an evidentiary hearing with respect to any claim, he must explain why such a hearing is not barred by *Pinholster*. Finally, Petitioner must set forth with particularity what evidence he intends to present at the hearing, identify the witnesses he intends to call, and summarize generally the testimony of each witness.

3) If, in his Answer-Response on Behalf of Respondent to Amended Petition for Writ of Habeas Corpus (Doc. 54), Respondent has contended that any claim has not been exhausted or has been procedurally defaulted, Petitioner shall address that contention, including how any exception (cause and prejudice or miscarriage of justice) might excuse default.

Respondent shall respond to the Petitioner's brief by **Wednesday, January 4, 2012.**

Petitioner may file his reply no later than **Thursday, January 19, 2012.**

All citations to the record shall include the document number and, in the case of the Respondent's exhibits, the exhibit number and the page number. The following format

shall be used: (Doc. __, Resp't Ex. __ at ___). "Doc." refers to the number given by the Court's electronic case management system ("CM/ECF"). Page numbers shall be determined and cited as follows: For transcripts, the actual page number shall be used. For "Bates stamped" exhibits, that number shall be used. For all other exhibits, the CM/ECF page number (shown on the top of the page) shall be used.

**SO ORDERED**, this 17th day of August, 2011.

S/ Marc T. Treadwell<br>
MARC T. TREADWELL, JUDGE<br>
UNITED STATES DISTRICT COURT