IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| TRAVIS CLINTON HITTSON, | : | |
| Petitioner | : | |
| vs. | : | CIVIL ACTION NO.: 5:01-CV-384 (MTT) |
| CARL HUMPHREY, Warden, | : | |
| Respondent | : | |

## ORDER

Before the Court are Kirsten A. Salchow's Motion for Appointment of Counsel and Alexander J. Lathrop's Motion to Withdraw.  (Doc. 66, 68).

18 U.S.C. § 3599, in relevant part, provides:

(a)(2) In any post conviction proceeding under section 2254 or 2255 of title 28, United States Code, seeking to vacate or set aside a death sentence, any defendant who is or becomes financially unable to obtain adequate representation or investigative, expert, or other reasonably necessary services shall be entitled to the appointment of one or more attorneys and the furnishing of such other services in accordance with subsections (b) through (f). . . .
(c) If the appointment is made after judgment, at least one attorney so appointed must have been admitted to practice in the court of appeals for not less than five years, and must have had not less than three years experience in the handling of appeals in that court in felony cases.
(d) With respect to subsections (b) and (c), the court, for good cause, may appoint another attorney whose background, knowledge, or experience would otherwise enable him or her to properly represent the defendant, with due consideration to the seriousness of the possible penalty and to the unique and complex nature of the litigation.
(e) Unless replaced by similarly qualified counsel upon the attorney's own motion or upon motion of the defendant, each attorney so appointed shall represent the defendant throughout every subsequent stage of available judicial proceedings, including pretrial proceedings, trial, sentencing, motions for new trial, appeals, applications for writ of certiorari to the Supreme Court of the United States, and all available post-conviction process, together with applications for stays of execution and other

appropriate motions and procedures, and shall also represent the defendant in such competency proceedings and proceedings for executive or other clemency as may be available to the defendant.

The Court previously determined that Hittson was "financially unable to obtain adequate representation." (Doc. 5). The Court also previously appointed Brian S. Kammer of the Georgia Resource Center of Atlanta, Georgia ("Georgia Resource Center") to represent Hittson in this federal habeas corpus action. (Doc. 48). Ms. Salchow is a staff attorney also employed at the Georgia Resource Center and requests appointment "to assist lead counsel Brian S. Kammer in representing Petitioner in his habeas proceedings in this Court." (Doc. 22 at 1). Ms. Salchow has worked on Hittson's case since the "fall of 2010 and [she is] thoroughly familiar with the record in his case." (Doc. 66, Salchow Aff. at 2). Given this, the Court finds that Ms. Salchow's background, knowledge, and experience will allow her to adequately represent Hittson. 18 U.S.C. § 3599(d). Therefore, the Court **GRANTS** Kirsten A. Salchow's Motion for Appointment of Counsel.[1]

The Court previously appointed Alexander J. Lathrop and Warren Anthony Fitch of Swidler Berlin Shereff Friedman, LLP in Washington, DC to represent Hittson. (Doc. 5). Subsequent to that appointment, the Court granted Hittson's Motion for Stay of Federal Court Proceedings Pending Complete Exhaustion of State Remedies. (Doc. 35). Hittson returned to the state courts to exhaust his claims. Mr. Lathrop indicates that he has not represented Hittson since 2008 when his case was pending in the Georgia state courts. (Doc. 68 at 2). Therefore, the Court **GRANTS** Mr. Lathrop's Motion to

---

[1] Counsel will be compensated under the Criminal Justice Act at the rate approved for capital cases. Currently that rate is $178.00 per hour for services performed after January 1, 2010. As explained in the November 19, 2001 Order, interim vouchers (CJA Form 30) are to be submitted on a monthly basis.

-3-

Withdraw.

Additionally, the Court has learned that Mr. Fitch has not been in touch with Hittson in many years and Mr. Fitch has failed to respond to attempted communications by the Georgia Resource Center and by this Court.  (Doc. 77).   Therefore, the Court find that Mr. Fitch has abandoned Hittson in this 28 U.S.C. § 2254 action.   Accordingly, Mr. Fitch should be removed from the case.

The Clerk is **DIRECTED** to remove Alexander J. Lathrop and Warren Anthony Fitch from this case and to show that Hittson is represented by Brian S. Kammer and Kirsten A. Salchow.

**SO ORDERED AND DIRECTED**, this 27th day of October, 2011.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT